# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John F. Grady | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 03 C 4608 | DATE | April 19 2004 |
| CASE TITLE | Expeditors Intern. of Washington DC v. KMart Corp. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] The bankruptcy court's order of May 16, 2003, denying the motion of Expeditors International of Washington, Inc. for leave to amend its timely-filed proof of claim [ ] is vacated, and the case is remanded for further proceedings consistent with this opinion. ENTER MEMORANDUM OPINION.

(11) x [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| X | Notices MAILED by judge's staff. | | 4-22-04 date docketed | |
| | Notified counsel by telephone. | | | β |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to _____ | | date mailed notice | |
| KAM | courtroom deputy's initials | Date/time received in central Clerk's Office (Reserved for use by the Court) | KAM mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| EXPEDITORS INTERNATIONAL OF WASHINGTON, INC., | ) ) ) |
| Appellant, | ) ) |
| v. | ) No. 03 C 4608 |
| KMART CORPORATION, | ) ) ) |
| Appellee. | ) |

## MEMORANDUM OPINION

This case is before us on appeal from the bankruptcy court's order of May 16, 2003, which denied the motion of Expeditors International of Washington, Inc. ("Expeditors") to amend its proof of claim. For the reasons explained below, the bankruptcy court's order is vacated and the case is remanded.

## BACKGROUND

Expeditors transported goods and provided consolidation and other logistics services for Kmart Corporation ("Kmart"). When Kmart filed a voluntary petition for reorganization pursuant to Chapter 11 of the United States Bankruptcy Code, it owed Expeditors approximately $700,000.

The bankruptcy court established July 31, 2002 as the bar date for Kmart's creditors to file proofs of claim. According to Expeditors, it believed at that time that it held an unsecured

claim, and its counsel therefore filed an unsecured proof of claim on July 25, 2002. In January 2003, different counsel for Expeditors analyzed the claim, for reasons that are unimportant here, and concluded that Expeditors in fact had a secured claim. Expeditors asserts that thereafter, it "promptly marshaled evidence to support its status as a secured creditor," Appellant's Brief at 9, and then filed a motion to amend its proof of claim to change its status from unsecured to secured. As an unsecured creditor, Expeditors would recover only $70,000 in stock, as opposed to $700,000 in cash as a secured creditor.

Expeditors did not file its motion, however, until April 11, 2003. By this time, Kmart had filed (in February 2003) its plan of reorganization and its disclosure statement, which set out the total amounts of unsecured and secured claims. April 14, 2003 had been set as the date for the hearing on the confirmation of the plan of reorganization, and the hearing began on that date. The plan was confirmed on April 23, 2003. Because Expeditors had noticed its motion for April 30, 2003, its motion was not heard until after the plan had been confirmed. Kmart objected to the motion.

On May 12, 2003, the bankruptcy court heard oral arguments on the motion, and stated as follows at the conclusion of the hearing:

> Well, I'm going to deny the motion for leave to amend the timely filed Proof of Claim as to Expeditors International of Washington. I'm going to rely on the Unroe case, wherein the Court looks to the prejudice to

>     the estate in allowing late claims, the debtors' notice of the pending claim and the creditors' excusable neglect.
>     Even though it could be arguable that a $600,000 amount would not be tremendously significant in the amount of claims that are going to be paid out of this estate, and that figure comes from the $700,000 claim, which if paid at 100 percent, would have that amount coming out of the estate, as opposed to the estimated recovery of about 9.7 percent if it is paid as an unsecured claim.
>     I cannot help but be persuaded by the fact that this motion was filed eight months after filing the original unsecured claim that was filed by Expeditors, and and it was filed--the motion was filed on April 11th, 2003, which was 45 days after approval of the Disclosure Statement, and because the documents were exclusively in the control of Expeditors, they could have, in fact, made a timely filing to amend this claim.
>     So for the reasons cited on the record, the claim is denied.

(App. to Appellant's Brief, Ex. H, at 181-82.) On May 16, 2003, the bankruptcy court entered a written order denying the motion.

Expeditors now appeals the order.

## **DISCUSSION**

"The disposition of a motion to amend a proof of claim falls within the sound discretion of the bankruptcy court." In re Stavriotis, 977 F.2d 1202, 1204 (7th Cir. 1992). On appeal, we review that decision for an abuse of discretion. See id. We review the bankruptcy court's factual findings for clear error and its conclusions of law de novo. See In re Smith, 286 F.3d 461, 464-65 (7th Cir. 2002); Fed. R. Bankr. P. 8013.

We begin with the applicable general principles. "[J]ustice does not require amendment, and indeed rarely permits amendment,

once the last date for filing claims has passed. 'Late-filed claims, especially in the bankruptcy context, disrupt orderly discharge and should generally be barred.'" In re Plunkett, 82 F.3d 738, 741 (7th Cir. 1996) (quoting In re Unroe, 937 F.2d 346, 351 (7th Cir. 1991)).

The parties disagree on what to call the analysis of whether to allow such an amendment--the Unroe test or the "excusable neglect" test. The label does not matter, though, because the analysis is ultimately the same. Moreover, it is not really a bright-line test, but an equitable determination involving several factors: notice to the debtor; prejudice to the debtor and other creditors; the length of the delay[1] and its potential impact on judicial proceedings, including the cost of administering the estate; the reason for the delay; and the good faith of the movant. See Unroe, 937 F.2d at 349-51; Plunkett, 82 F.3d at 741-42; Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993). Compressing some of these considerations into the concept of "excusable neglect," the bankruptcy court correctly identified these relevant factors.[2]

Expeditors argues that the bankruptcy court erred as a matter of law with regard to the "prejudice" prong of the analysis because

---

[1] Because the length of the delay is a factor in itself, we reject Expeditors's assertion that delay is relevant only if it "causes harm."

[2] Therefore, we reject Expeditors's assertion that the bankruptcy court "never even considered" good faith, Appellant's Brief at 16, and thereby abused its discretion.

the court concluded that there would be prejudice to the estate if Expeditors's claim were to be amended because the estate would have to pay out roughly $600,000 more. We agree that the bankruptcy court's remarks did reflect a misunderstanding of what constitutes prejudice. In a case involving amendment to a proof of claim, the Seventh Circuit explained the concept of prejudice as follows:

> The bankruptcy judge thought there was harm to other creditors because if the bank's claim is allowed, the entitlements of the unsecured creditors will be cut down. This is a misunderstanding of what it means for [a creditor's] error to be harmful in the sense of "prejudicial," that is, entitling the person harmed to complain. To say that an error is prejudicial means not that if the error is corrected someone will lose, which is almost always true, but that the error itself imposed a cost, as by misleading someone. Obviously there will be losers if the bank's claim is allowed, because the pool of assets available to the other creditors will be diminished, but the fact that the proof of claim failed to comply with Rule 3001 did not mislead or otherwise harm anyone.

In re Stoecker, 5 F.3d 1022, 1028 (7th Cir. 1993). Therefore, whether Kmart would have to pay more or its other creditors would receive less is not relevant to the issue of prejudice. The issue is whether anyone was misled or otherwise harmed by Expeditors's original filing of an unsecured claim.

Accordingly, the bankruptcy court's ruling will be vacated because it was based in part on an erroneous concept of prejudice as a matter of law. The case will be remanded for a new determination of whether Expeditors should be granted leave to amend, considering the equitable factors outlined supra and the

proper definition of prejudice. We express no opinion regarding what weight the bankruptcy court should assign to each factor or what result the bankruptcy court should reach.

### CONCLUSION

For the foregoing reasons, the bankruptcy court's order of May 16, 2003, denying the motion of Expeditors International of Washington, Inc. for leave to amend its timely-filed proof of claim is vacated, and the case is remanded for further proceedings consistent with this opinion.

DATE:     April 19, 2004

ENTER:    _____
          John F. Grady, United States District Judge